[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, David Dixon, a minor, and his father, Taylor Nixon have commenced this action against the defendant, City of New Haven, alleging that the minor plaintiff sustained personal injuries on or about August 31, 1997 at a city park owned and maintained by the defendant. The plaintiffs allege that the minor David Nixon, injured his leg while playing football at said park when he slipped through a metal drainage grate, constructed and maintained by the defendant.
The plaintiffs allege that said drainage grate constituted a nuisance in that the spaces in the metal covering were too large, thus, allowing CT Page 13468-o the minor plaintiff's leg to slip through. The drain and the grate are also alleged to be a nuisance in that there were no barriers erected around the drain to prevent the minor plaintiff from falling through the grate covering the drain.
A court trial in this matter was held on September 6, 2001. The minor plaintiff, David Nixon, testified that he was playing football with his friends at Lighthouse Park on August 31, 1997. During the course of the game, the football rolled off of the playing area and onto the metal grate covering a large storm drain. When the minor plaintiff stepped into the metal grate to retrieve the football, his leg slipped and fell into the drain up to his knee, and had to be extricated from the drain by friends and his father, Taylor Nixon.
The plaintiff was unable to walk and was subsequently taken by ambulance to the Hospital of St. Raphael. He was diagnosed as having sustained an abrasion and sprain of his left knee. He was treated in the Emergency Room and released several hours later on the same date.
The minor plaintiff testified that wore support bandages on his left knee and began school several days later. The plaintiff complains of continuing pain to this date, causing him to limp after periods of strenuous exercise. However, the plaintiff has not sought any further medical treatment, other than one visit to an unidentified physician for a follow-up visit in 1997.
The plaintiff has submitted an ambulance report and a bill in the amount of $318 from the American Medical Response of Connecticut, Inc. for services on August 31, 1997. The plaintiff has also submitted an emergency room medical report from the hospital of St. Raphael. However, the plaintiff has not submitted any hospital bill, physician's bills, medical bills, or bills for medications for the court's review in determining the plaintiff's economic damages claim.
The minor plaintiff's father, Taylor Nixon, testified that as a resident of the City of New Haven, he and his family, including the minor plaintiff, were able to use Lighthouse Park on a regular basis. There is no entrance fee or admission fee for residents of New Haven to use Lighthouse Park. He further testified that the plaintiffs were not claiming any reimbursement for any hospital bills or medical bills other than the ambulance bill in the amount of $318.
Upon the conclusion of the plaintiff's case the defendant moved to CT Page 13468-p dismiss the action for failure of the plaintiffs to make out a prima facie case of nuisance against the defendant. This motion was made present to Practice Book § 15-8. The court informed the parties that it would take the defendant's motion under advisement. The defendant then rested its case without calling any witnesses.
The plaintiffs argue that the conditions prevailing on August 31, 1997, concerning the storm drain and its metal grate covering, constituted an absolute nuisance sounding in negligence.
The court after reviewing the testimony of David Nixon and the photographic exhibits and designs offered by the defendant, as well as the cases cited by the parties, agrees with the plaintiffs. The court, therefore, denies the defendant's motion to dismiss.
The plaintiff, David Nixon, was a resident of New Haven and a member of the general public that could be expected to use Lighthouse Park and its recreational areas on a regular basis. The defendant by a positive act, created and maintained the drain and its metal grate. The drain and the grate, as they existed on August 31, 1997, had a natural tendency to create danger and to inflict injury to those members of the public, using the recreational areas of Lighthouse park, adjacent to the bath house. The court additionally finds that the danger created by the said drain and grate proximately caused the minor plaintiff's injuries and the resulting damages.
Having determined that the drain grate constituted an absolute nuisance, the court also determines that consideration of the defendant's special defenses regarding the minor plaintiff's comparative negligence, are appropriate and properly pleaded. The court finds that comparative negligence of the minor plaintiff is 35%, in that the minor plaintiff failed to be watchful and attentive to his surroundings and failed to use reasonable care when stepping onto the metal grate covering the storm drain.
 Judgement
The court finds for the plaintiffs, as against the defendant, City of New Haven. The plaintiffs are awarded economic damages in the amount of $318; non-economic damages in the amount of $1,000; for total economic and non-economic damages of $1,318. The court hereby reduces said amount by $461.13, representing the comparative negligence of the plaintiff, David Nixon, in the amount of 35%. CT Page 13468-q
Therefore, the plaintiffs shall recover from the defendant the total sum of $856.70.
Richard E. Arnold, Judge